primarily below was the unauthorized by law exception. That is because under the tax code section 1070, where you have computation evaluation, the statutory provision reads, upon receipt of the certificate of rehabilitation, which is present here, the assessment officer shall determine the base year valuation and shall make a notation on each statement of assessment during the eight-year valuation period, and it shall be based upon the issuance. The use of the word shall is important. As this court found in Callaway v. Chicago Board of Elections, the use of shall is directory. It is non-discretionary. From the uncontested facts here, the assessor did not use the base year valuation. The question, therefore, did the circuit court have jurisdiction to address that act, or must consideration be the administrative process? Here, we submit that because this matter fell within the exceptions articulated in both Clarendon Associates and Lennie and Properties, there was jurisdiction. First, the tax was, in fact, unauthorized by law. Section 1070 provides a mandatory, non-discretionary direction as it relates to the setting of the valuation at the base year. Here, however, in contrast to that legal requirement, the valuation was set contrary to the directory non-discretionary statutory provision. As such, it was not authorized by law, but, in fact, was contrary to law. Secondly, the actions of the defendants caused the tax to be levied at a higher assessed valuation or, in fact, against property that would otherwise be exempt to the extent that it exceeded the base year. So, it also was, in part at least, exempt from taxation. And finally, the taxes would be considered to be constructively fraudulent because here the base year valuation under the mandatory statute was $199,000 approximately, but the assessment was two to three times greater, resulting in a grossly excessive tax. Relief that is possible under the administrative review process does not take away from the fact that here the three exceptions, and primarily the unauthorized by law exception, place the property within the jurisdiction of the circuit court. The circuit court's dismissal, which gave rise to this appeal, was based solely upon its finding of a lack of jurisdiction. Based on that, we urge this court to reverse or reverse and remand the case for further proceedings because the court never reached the sufficiency of any of the claims or the pleadings. In contrast, what we find that the defendants or the appellees argued is to characterize this as a simple case of assessed valuation, but the inquiry cannot stop there. The inquiry must go on to say, did the circuit court have jurisdiction because of the exceptions? Quite candidly, we would have a different case and I would have an argument that I could not make if in fact section 1070 read, as I think the state actually urges this court to believe it reads, by saying the assessment officer may determine the base year and may make a notation. That would be discretionary and that likely need to go through the administrative process. But because 10-70 is written in a directory, non-changing fashion, and it relates to what shall be done, this assessment in this case was contrary or unauthorized by law. Because of that, it caused the other two exceptions to come into play as well. Because the result of that is they were levying taxes to the extent that they were in excess of the base year mandatory valuation that were not permitted for property that was exempt. And in fact, the taxes became grossly overstated or constructively fraudulent. As a consequence, as I've said, we believe that reversal is an appropriate remedy here because the circuit court did in fact have jurisdiction and because what occurred here was the defendants or were the defendants acting in a way unauthorized by law, which caused the other two exceptions to be relevant as well. As a consequence, we ask the court to recognize the fact that the circuit court was incorrect and erred in failing to recognize that it in fact did have jurisdiction. Thank you. All right. Any questions by Justice Burke? No questions. Thank you. Okay. All right. Let's hear from the state. Thank you. Excuse me. Again, good morning. May it please the court. Plaintiff's complaint is in the nature of a challenge to their tax assessment, and the Illinois Supreme Court has long held that the gives taxpayers a full range of remedies for challenging their tax assessments. In the area of property taxation, equity will not assume jurisdiction where there is a complete and adequate remedy at law. In this regard, the property tax code provides a complete statutory mechanism for challenging property tax assessments. Moreover, the narrow circumstances wherein a court can extend equity jurisdiction in a property tax matter do not exist here. Therefore, the circuit court did not err when it granted the county defendant's motion to dismiss or when it subsequently denied the plaintiff's motion to reconsider. Because plaintiff's complaint is based on the assertion that their property has been incorrectly assessed, they need to look no further than the property tax code, excuse me, for relief. The property tax code absolutely anticipates taxpayers challenging their assessments. In fact, every year, tens of thousands of Cook County taxpayers challenge their property assessments using the remedies that are provided in the code, and the code provides them with options. For example, after a decision by the board of review, these, and specifically these plaintiffs, had two mutually exclusive remedies. They could have sought direct judicial review of their tax assessment by filing a tax objection complaint in the circuit court of Cook County, or their second option was to file a complaint with the property tax appeal board known as PTAP, and that is what they did. It is clear in this regard that the plaintiffs had an adequate remedy at law, and they started the process by initiating their complaint with PTAP. We have cited case law that supports the conclusion that the plaintiffs had remedies that they failed to pursue. In the case of Dumas v. Pappas, which is very similar to the case here, a 2014 first district case, the taxpayer was seeking equitable relief to order the county assessing officials to recalculate the plaintiff's tax bills for a period of five years, and they asked for a finding that the assessment, excuse me, and they asked for a finding that the assessment was unlawful based on an improper method of valuation. Just like here, they failed to seek their administrative remedies, and just like this case, the government defendants filed a 2619.1 motion to dismiss and argued failure to state a cause of action for equitable relief and lack of subject matter jurisdiction, and the court in Dumas ultimately found there was no subject matter jurisdiction to hear plaintiff's tax objection complaint because they had an adequate Harper, 2012, third district case where the taxpayers had farmland that had been assessed at $240 one year and then the subsequent year some $15,000. Again, the taxpayers bypassed their administrative remedies and filed a complaint seeking equitable relief, and again, the trial court specifically found that a taxpayer cannot seek equitable relief from a tax assessment without first exhausting their administrative remedies. Even though there had been a large increase in the assessment, the court found there was no subject matter jurisdiction to hear the plaintiff's equitable complaint. These cases are on point with the plaintiffs in that they involve taxpayers who are challenging the amount of their tax assessment and attempted to bypass their remedies at law and go straight for equitable relief. Both Dumas and Baker provide support for the conclusion that there is no subject matter jurisdiction for a court of equity in a case such as this. Plaintiffs argue that they have no adequate remedy at law because PTAB is not structured in a way to provide them with the injunctive relief they claim that they need. However, plaintiff is not entitled to the best remedy. Instead, the standard is an adequate remedy, and PTAB can absolutely provide plaintiff with the relief they seek. The statute that created PTAB has parameters to ensure thorough and fair hearings, and in that regard, the statute allows for hearings. PTAB has subpoena power. They have the right, parties have the right to produce evidence and witnesses, and ultimately, if the decision is made at PTAB to reduce a taxpayer's assessment, they are entitled to a refund as well as interest on their refund. And that, if a taxpayer is entitled to a refund or lowered assessment, that would remain the same. And finally, opinions of PTAB are subject to administrative review. So plaintiffs absolutely have an adequate remedy, even if it's not the one they would like. Not only is there no subject matter jurisdiction, but the plaintiffs have not established an exception for equitable jurisdiction. Case law provides that there are really two exceptions to when equity jurisdiction is appropriate in a property tax case, and those exceptions are both Clarendon Associates and Millennium Park, and those exceptions are really limited to when the tax is either unauthorized by law or a tax is levied on tax-exempt property. The crux of plaintiff's argument here is that their situation falls within one of the exceptions to allowing equitable jurisdiction. It does not. Instead, plaintiffs are asserting a third exception, which they claim is an assessment that is fraudulently excessive. And Clarendon does not support this conclusion. In Clarendon, which is a Supreme Court case from 1973, plaintiffs filed an action against the Cook County assessing officials and alleged that the assessment constituted constructive fraud. They sought injunctive relief. The Supreme Court found there was no subject matter jurisdiction to hear the case because plaintiff had an adequate remedy in the property tax code. Notably, the court began its analysis by stating they weren't concerned with the actual assessment and that the trial court had found that if the allegations were proved, they would sustain a charge of constructively fraudulent assessments. The court stated an overvaluation may be so excessive under some circumstances as to justify the conclusion that it was not honestly made and thus constructively fraudulent. Notably, the Clarendon case did not rise to that level. Neither did this one. There's no allegation that the assessments were not honestly made to the point they were so excessive, nor is there any sort of allegation of deliberate fixing of value. In fact, the complaint doesn't refer to any sort account regarding fraudulently excessive assessment. There are no facts put in the complaint that would support a finding of some sort of fraudulent conduct on behalf of the Cook County assessing officials. Significantly, the court in Clarendon stated its concern over extending special grounds for equitable relief. It specifically cautioned if a taxpayer may obtain injunctive relief from such assessments without showing the inadequacy of the statutory remedy, they would be encouraged to follow the relief provided by equity and abandon the relief provided by law. That is exactly what has happened here. The decision in Clarendon was later cited in Hoyne Savings and Loan, which is another Illinois Supreme Court case from 1974. This is another case where a taxpayer did not follow their remedies in the property tax code and instead filed a complaint seeking equitable relief. However, this case is different because in Hoyne, in this case, the court did allow the taxpayer to bypass their legal remedies. And in fact, this is the only case that the parties cite where this was allowed. And this case is significant for a couple of reasons. This case was very unique, and I won't get into the details of the property, but the taxpayer filed a complaint regarding two years of assessments, 1971 and 1972. The prior year's assessment was 1970. Both 1971 and 1972, the taxes were at $19,000. The year prior, they had been at $1,700. It was an over 20 times increase in one year. And in that case, the assessing officials had finished their assessing so late in the year that the taxpayer, who was located in a different county, did not find out about the increase in the assessment until they received their tax bill, which is about 19 days before it was due. And significantly, the Board of Review had completed its review and its hearing for the 1971 assessments. Thus, the taxpayer was effectively left without a remedy for 1971 because they were unable to access the Board of Review. And this is absolutely an example of where an assessing official actually does prevent a party from seeking their remedies. So given all the unique circumstances, the Illinois Supreme Court concluded that it would be unfair to not allow this taxpayer to proceed with its equitable complaint. It only allowed the taxpayer to do so as to 1971. The 1972 assessment was based on all the same facts and reasons and was the exact same amount of money. However, the court found that for 1972, the plaintiff had plenty of notice of the increase in the assessment and was not foreclosed from pursuing its remedies due to any action by the So in that case, for the 1972 assessment, the court refused to extend the equitable relief to the taxpayer. There is no allegation of any action by the county that prevented the plaintiff from seeking or obtaining any administrative relief. Plaintiff argues in his reply that his remedies under the tax code would be burdensome, inefficient, that they would take too long. But this doesn't mean that he doesn't have a remedy. The fact that he doesn't like his remedy or want something faster does not make it inadequate. Ultimately, what they are arguing is that equitable relief would be better than what the legislature has provided in the property tax code. However, plaintiffs have failed to show a special basis for equitable relief that would allow them to bypass their administrative remedies. Therefore, we would respectfully request this honorable court affirm the decision of the circuit court and find that the court has no subject matter jurisdiction. Thank you. All right, let's hear the rebuttal. Thank you, Your Honor. Before we do this, does Justice Burke have any questions? No, I don't. Thank you. Okay, good. Thank you. This is not a case about an incorrect assessment. This is a case where the county assessing officials, for whatever reason, chose not to follow Illinois law that provides a mandatory non-discretionary act. What you have not heard this morning, nor have you seen in any of the briefing from the defendants, is why they didn't follow a mandatory requirement in the law. The cases of Dumas and Baker that are cited are cases over the amount of assessment, not whether the law was followed properly, and therefore they are inapposite to this matter. Well, what's the best case that you have to support your theory? The best case comes from two points. Millennium Park and Clarendon Associates both make clear that the circuit court would have jurisdiction and equity if, in fact, the assessment was authorized by law. An authorized by law is perhaps even best described by the circuit court in this matter, where it said it, quote, arises where the taxing body has no statutory power to tax. Here, with section 10-70, there was no statutory power to tax above the base year valuation because it is written in a mandatory manner. It's not that they may consider it and or they may take a different track. It is that it must be and it shall be followed the base year valuation. That is clearly, then, something that, under the uncontested facts of this case, the defendants didn't do. They chose... But in the Millennium case that you're talking about, that has to do whether the property should have been taxed at all. That had to do because... Whether it was exempt. Right. As a license or a lease. Here, it's really the same thing. It's could this property be taxed above the base year valuation? And the answer is no under 10-70. Those cases didn't talk about over a base valuation. No, they didn't. This is the first... This is a case, the first time it's come to this court or the Supreme Court, regarding the base valuation. But when we look at Clarendon Associates, when we look at Millennium Park, and even when we look at the circuit court's in this case, there is clear jurisdiction and direction from our Supreme Court that if, in fact, the tax is unauthorized, there is jurisdiction. Here, I'd submit this falls within it being unauthorized because the way the statute was written by our legislature under 10-70, there was no question but that the assessing officials had to follow it. They had to use that base year valuation. That is really, I would submit to the court, the quintessential definition of unauthorized by law if you simply choose to not follow it for whatever reason. Neither Baker nor Dumas, which you heard from the defense on this case, had statutes where the assessing officials had a mandatory duty or obligation to take a particular type of act. That's very different than this case. So as a consequence, we would submit to the court, this is not a case about an incorrect assessment. This is not a case about that they didn't consider that there was three bedrooms versus four bedrooms. This is a case where the assessing officials chose not to follow mandatory direction given to us by the legislature. And we've not heard any reason why that's not the case. The remedies here are cumulative, as the Owens-Illinois Glass case tells us, and it is appropriate to go to the circuit court. And therefore, we submit that the circuit court had jurisdiction and erred in finding that it did not because it did not recognize the fact that by failing to follow the property tax code 10-70, which is written in a mandatory fashion, this assessment was unauthorized by law. Because it was unauthorized by law, it caused the other two exceptions to similarly be extant in this case in that they were now taxing against something that was exempt from taxation, everything above the base year valuation, and it resulted in a grossly inflated tax. As a consequence, we urge this court to reverse the finding of the trial court of a lack of jurisdiction. Well, thank you very much. It was a very interesting case, and we will have an order or an opinion for you shortly.